[608 NYS2d 438]

In the Matter of KENNETH S. AMPEL (Admitted as KENNETH SETH AMPEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 3, 1994

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* of counsel *(Ellis Funk Eidman Weitz & Benjamin, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Kenneth S. Ampel was admitted to the practice

of law in New York by the First Judicial Department on March 5, 1979 under the name Kenneth Seth Ampel. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

By motion dated August 25, 1993, the Departmental Disciplinary Committee is seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) immediately suspending respondent from the practice of law upon the basis of substantial admissions under oath that he has committed acts of professional misconduct, and upon other uncontroverted evidence of professional misconduct.

The Committee initiated an investigation of respondent based upon a January 4, 1993 complaint of clients, a husband and wife, who, according to the complaint, had retained respondent on March 17, 1988, on a one-third contingency basis, to bring a personal injury action against the husband's former employer and a third party.

On June 22, 1988 respondent initiated the action in Supreme Court, Queens County, and settled it on October 29, 1992. On November 3, 1992, Crum and Forster, the carrier, issued a check jointly to the clients and respondent in the amount of $90,000.

One month later, on December 8, 1992, after deducting his fee and costs, respondent issued a check to the clients written on the escrow account in the amount of $55,000 but requested that they "wait five days before depositing the check into their bank account". When so deposited, the check was returned because of insufficient funds.

On December 29, 1992 respondent gave the clients a replacement check written on the escrow account in the amount of $52,500, and also gave them $2,500 cash. There proved to be insufficient funds for that check, too.

Ultimately, respondent paid the clients on January 6, 1993 and January 8, 1993 by two certified checks which totalled $53,050. This amount included the original settlement amount plus interest, less the $2,500 cash respondent had previously paid.

Upon the Committee's receipt of the clients' complaint, a copy was forwarded to respondent for his answer. In respondent's letter of response to the Committee dated April 22, 1993 he admitted invading his escrow account because of a problem with the Internal Revenue Service. He also submitted an Office of Court Administration closing statement to the

Committee. The OCA closing statement dated April 15, 1993 listed the date of payment by the carrier as November 6, 1992 and the date of payment to the clients as January 7, 1993. Respondent had previously given the clients a copy of an OCA closing statement (which he had signed) dated December 8, 1992 wherein the date of payment by the carrier was listed as November 30, 1992 and the date of payment to the clients was listed as December 8, 1992.

When deposed, respondent admitted that he deposited the check for $90,000 on November 5, 1992, that he intentionally used all of the clients' settlement monies for his own personal use, that he failed to inform them promptly that he had received the settlement check, and that he was aware that he did not have sufficient funds to cover the check he issued to them.

Significantly, respondent also acknowledged that in the past he had used his own funds or taken loans to replenish his escrow account when the amount he was to hold in trust dropped below the balance he was required to maintain.

Furthermore, respondent admitted that he had signed each OCA closing statement, that he was responsible for the information listed in each statement, and that he knew that the dates on the statement furnished to the clients were incorrect.

The Committee has requested that this Court immediately suspend respondent from the practice of law on the basis of his admissions of misconduct and other uncontroverted evidence showing that he intentionally converted client funds, in violation of DR 1-102 (A) (4) and DR 9-102 (22 NYCRR 1200.3 [a] [4]; 1200.46).

In response to the Committee's motion, respondent asks that he not be suspended pending the resolution of disciplinary proceedings against him because he poses no threat to the public interest. He also claims to have established facts that constitute mitigating circumstances, viz., grave medical problems with his son due to premature birth, inadequate medical insurance to cover medical bills, the serious illness of his wife, a physician, who underwent five serious operations. He submits that he was in serious trouble with the Internal Revenue Service, arising from his lack of expertise on inheriting his father's law practice. He submits that he has taken several steps with respect to the management of his office and escrow accounts to insure that no such incident occurs again.

Respondent maintains that he has never embarked on a

pattern of conduct involving misappropriation of clients' funds and that he has always paid his clients their funds in a timely fashion other than in this instance. Respondent asks this Court to permit him to continue the practice of law during the pendency of the disciplinary hearing so that he may be able to show the Hearing Panel what he has done to correct his misconduct and persuade the Panel to temper justice with mercy.

Respondent also points out that he has made complete restitution, has made no attempt to conceal the fact that he misused the funds, and has admitted his misconduct and cooperated fully with the Disciplinary Committee. Nevertheless, his admissions and the other evidence clearly show that respondent is guilty of serious professional misconduct and are sufficient to warrant immediate suspension under the provisions of 22 NYCRR 603.4 (e) (1) (ii) and (iii) *(see, Matter of Pins,* 169 AD2d 166; *Matter of Markowitz,* 160 AD2d 5).

Accordingly, the Committee's motion is granted and respondent is suspended from the practice of law forthwith pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) of the rules of this Court, until such time as the disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

MURPHY, P. J., SULLIVAN, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

Petitioner's motion is granted, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until such time as the disciplinary matters pending before the Departmental Disciplinary Committee for the First Judicial Department have been concluded, and until the further order of this Court.