[626 NYS2d 782]

In the Matter of ROGER G. SAM, JR. (Admitted as ROGER GUILLAUME SAM, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 23, 1995

### APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Marvin Ray Raskin* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Roger G. Sam, Jr., was admitted to the practice

of law in the State of New York by the Second Judicial Department on December 12, 1984, under the name Roger Guillaume Sam, Jr. At all times pertinent to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.

By motion dated November 28, 1994, the Departmental Disciplinary Committee (the Committee) seeks an order pursuant to Rules of this Court (22 NYCRR) § 603.4 (e) (1) (ii) and (iii) suspending respondent from the practice of law forthwith based upon substantial admissions under oath that he has committed serious acts of professional misconduct and upon other uncontested evidence of professional misconduct. The Committee initiated an investigation of respondent based on an August 27, 1993 complaint filed by a person (the purchaser) intending to buy a house owned by respondent's wife. Respondent represented his wife in the intended sale and on September 18, 1992, accepted a check made out to him as a down payment, which check he deposited in his escrow account. A contract of sale was signed on September 25, 1992, contingent on the purchaser's obtaining a mortgage. On February 2, 1993, however, the purchaser's attorney sent a letter to respondent informing him that the purchaser had not been able to obtain a mortgage and requesting the return of the $8,000. Respondent, by letter dated March 12, 1993, replied that the purchaser was in default because of such failure and that he would retain the $8,000 as liquidated damages. The purchaser's lawyer, in a letter dated March 16, 1993, requested that respondent hold the money in escrow until the matter was adjudicated. In May 1993, the purchaser brought an action against respondent for recovery of the $8,000 and on August 27 sent a complaint to the Committee.

At a deposition before the Committee on June 30, 1994, respondent admitted that he had withdrawn the $8,000 from his escrow account prior to the closing or to any default and without notice to the purchaser's attorney, by issuing three checks in November and December 1992. Respondent further admitted that he used the withdrawals for personal expenses. He also admitted that he ignored the request of the purchaser's lawyer that he hold the money intact and admitted that he did not replace the funds improperly withdrawn until November 24, 1993, two weeks after a judicial order to deposit the $8,000 with the court. Furthermore, respondent acknowledged that he had, without authorization by or the knowledge of the parties, used escrowed funds for his own expenses in

other instances in which he represented sellers. The Committee's questions also resulted in admissions of another large escrow account which was invaded for respondent's own purposes.

Respondent's sworn admissions and other uncontested documentary evidence thus establish that respondent intentionally converted client funds for his own use and issued checks to "cash" from his escrow account in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3) and DR 9-102 (22 NYCRR 1200.46). In mitigation respondent points out that there has been no loss to any party or benefit to him, contends that there has been no dishonesty or avarice on his part, and asserts that his right to the $8,000 might yet be upheld. He also states that he has fully cooperated with the Committee, that he has shown contrition, and that he performs substantial *pro bono* services in the South Bronx. It cannot be concluded based on the evidence presented, however, that respondent will be successful in proving mitigating factors that would warrant a deviation from the imposition of disbarment. Faced with the clear evidence of respondent's serious professional misconduct and the unascertainability of the degree of risk to the public in permitting him to continue to practice during the pendency of these disciplinary proceedings, it appears to be in the public interest to suspend respondent from the practice of law at this time.

Accordingly, the Committee's motion for an order pursuant to Rules of this Court (22 NYCRR) § 603.4 (e) (1) (ii) and (iii) suspending respondent from the practice of law forthwith, based upon substantial admissions under oath that he has committed serious acts of professional misconduct and upon other uncontested evidence of professional misconduct, should be granted. Respondent should be suspended from the practice of law immediately and until such time as the disciplinary matters before the Committee have been concluded and until further order of this Court.

ROSENBERGER, J. P., WALLACH, RUBIN, KUPFERMAN and NARDELLI, JJ., concur.

Application granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, immediately, and until such time as the disciplinary matters before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.