[637 NYS2d 89]

In the Matter of CHRISTOPHER J. GREEN (Admitted as CHRISTO-
PHER JOHN GREEN-RUIZ), an Attorney, Respondent. DEPART-
MENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL
DEPARTMENT, Petitioner.

First Department, January 25, 1996

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel *(Hal R. Lieberman,* attorney),
for petitioner.

*Christopher J. Green,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Christopher J. Green, admitted as Christopher

John Green-Ruiz, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 27, 1991. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii), immediately suspending respondent from the practice of law until further order of the Court, due to his failure to comply with a lawful demand of the Committee, upon substantial admissions under oath that he has committed acts of professional misconduct and upon other uncontroverted evidence of respondent's misconduct which threatens the public interest.

The Committee opened an investigation of respondent's professional misconduct based on the February 13, 1994 complaint of Michael Budny, his wife Gabryela Budny and Cara M. Corbo, Esq. According to the complaint, respondent represented the Budnys in the sale of their New York home to James and Maria McCarthy. A contract was executed in November 1991 and, pursuant to its terms, respondent, as sellers' attorney, received 10% of the sales price, or $30,000, to hold in escrow pending the closing.

In October 1991, prior to the execution of the contract, $1,000 of the $30,000 was entrusted to respondent as escrow agent. On or about November 21, 1991, $14,000 was given to him. The remaining $15,000 was given to respondent on or about December 12, 1991. The initial $1,000 was never deposited into respondent's escrow account. Twenty-nine thousand dollars was deposited into his escrow account.

On January 31, 1992, prior to the closing, the Budnys discharged respondent and retained Ernest Thifault, Esq. Mrs. Budny and Ms. Corbo had been named coconservators and respondent rebuffed the requests of Mr. Thifault to transfer the $30,000 to them. Respondent refused to return the funds claiming he had an unsatisfied judgment for attorney's fees against the Budnys.

Despite respondent's failure to return the down payment, the Budnys sold their house on April 8, 1992. On September 9, 1992, Ms. Corbo and Mrs. Budny filed a notice of motion in Superior Court in Hudson County, New Jersey, for an order compelling respondent to transfer the $30,000 down payment to them and filed an application for an order to show cause. Respondent defaulted on the motion and on September 15, 1992, Judge Seymour Margulies signed the order to show cause.

Although respondent was served with a copy of the order to show cause by Federal Express, he did not appear on the return date. Thereafter, on October 9, 1992, an order was entered by Judge Margulies compelling respondent to turn over the $30,000 to Mrs. Budny and Ms. Corbo. The order was served upon respondent by certified mail. Respondent has not complied with the order.

A deposition of respondent by the Disciplinary Committee was conducted on August 17, 1995. In his deposition, respondent admitted that he transferred $25,000 of the deposit to his business account and that neither the McCarthys, nor their attorney, had given him permission to do so. He also admitted that he had not informed the Budnys or their attorney that he had placed the deposit into his own business account. In addition, bank records obtained by the Disciplinary Committee show that respondent withdrew money from the business account and that the balance of the escrow account dipped as low as $3,000. In addition, respondent admitted that in April 1992, he deposited an insurance check (unrelated to the house sale) for $2,092 from the ITT Hartford Company, made payable to the Budnys in care of respondent, directly into his business account for his own benefit.

At his August 17, 1995 deposition and then in a letter dated August 21, 1995, the Disciplinary Committee requested certain documents from respondent's attorney, Scott Strong. When those documents were not forthcoming, by letter dated October 13, 1995, the Disciplinary Committee warned respondent's attorney that if respondent failed to submit the requested documents by October 17, 1995, his failure to cooperate would be an additional basis for a motion to suspend. To date, respondent has failed to provide the documents requested.

As a result of respondent's admitted misconduct in converting client funds, the uncontroverted documentary evidence revealing such misconduct and respondent's failure to submit documentation requested by the Committee, the Committee maintains that he should be suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii). The Committee's motion was served by mail upon respondent's attorney on October 30, 1995. The Committee's notice of motion to suspend specifically states, pursuant to 22 NYCRR 603.4 (g), that an attorney who is suspended and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred, without further notice.

The instant motion was adjourned from November 17 to November 21, 1995 on consent after respondent notified the Committee by letter dated November 9, 1995 that he was no longer represented.

Respondent has submitted an affirmation in opposition to the Committee motion. Respondent opposes his immediate suspension upon the ground that there are mitigating facts and circumstances that would militate in favor of a sanction being imposed less severe than permanent disbarment. First, respondent recounts his history as an attorney. He points out that he is legally blind and, therefore, his graduation from law school and his 1990 passage of the New York State Bar Exam are "two accomplishments as to [sic] of the greatest achievements of my life as they were for me arduous in realizing."

Respondent opened his own law practice in an office with a Polish translation company and was introduced to the Budnys in July 1991. Respondent claims that he performed "extensive legal work" for Mr. Budny devoting an average of 25 to 35 hours per week to his affairs. Respondent also claims that he found a buyer for the Budnys' house in Forest Hills Gardens.

With regard to the complaint at issue, respondent asserts that in January 1992, he was facing eviction from his office, and his mother, with whom he had been living, was also facing immediate eviction. Respondent advises that his mother was a terminal cancer patient and that he himself was suffering from clinical depression, which was exacerbated by his excessive use of alcohol. He states that, in late January 1992, expenses were mounting in a landlord-tenant action in which he was representing Mr. Budny. He claims, "Mr. Budny at that time also owed me a considerable amount of money in exchange for legal work which I had performed for him since August 1991."

Respondent admits that on or about January 29, 1992, he removed a portion of the escrow funds to satisfy the expenses he was incurring. He states that it was his belief that he had the implied permission of his client. He states, "I now know that since the matter had not yet closed I had no right to undertake such action even with my client's approval, since at the time I removed the funds, they in reality did not yet belong to my client, but a third party, the buyer." He sincerely regrets his breach of ethical conduct and accredits it to "my youth and lack of legal experience at the time and also my desperate psychological state which was engendered by my manifold financial problems and my mother's serious illness."

Respondent also claims that the following facts constitute mitigating circumstances. That he only transferred $5,000 of

the escrow funds to his own personal account to pay his mother's rent arrears and that it was his secretary who inadvertently deposited the initial $1,000 check into his business account rather than the intended escrow account.

Respondent also disputes the Committee's contention that he has failed to cooperate in providing requested documentation. He claims that Staff Counsel's October 13, 1995 letter was never transmitted to him and therefore, any failure to comply was "not intentional". In addition, he claims that the Committee already has most of the requested documentation in its possession. Respondent also asserts that, with the help of a certified public accountant, he is currently compiling a full accounting for all of his expenses and remunerations in the Budny matter.

Finally, respondent points out that, during the past three years, he has maintained a practice concentrating exclusively on immigration and uncontested matrimonial actions and that he does not handle client funds or escrow matters. He argues that his immediate suspension would not be in the public interest because it would result in hardship to his clients.

22 NYCRR 603.4 (e) (1) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding, or

"(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct, or,

"(iii) other uncontested evidence of professional misconduct".

The undisputed evidence of respondent's admitted professional misconduct is even more egregious than in previous

cases in which attorneys under investigation for violations of Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (22 NYCRR 1200.3, 1200.46) have been suspended during the pendency of the investigation. In *Matter of Sam* (211 AD2d 166), the respondent attorney admitted in a deposition that he withdrew funds deposited in an escrow account as a down payment and used such funds for personal use. In that case, however, respondent later complied with a judicial order to replace the improperly withdrawn funds. Here, respondent has not complied with the judicial order dated October 9, 1992 ordering him to turn over the $30,000 to the coconservators.

As in *Matter of Sam* (*supra*), respondent's sworn admissions and other uncontested documentary evidence establish that he intentionally converted client funds for his own use in violation of DR 1-102 (A) (4) and DR 9-102. Furthermore, in *Matter of Sam* (*supra*) and in *Matter of Ampel* (196 AD2d 105), where the respondent attorney also admitted that he converted escrow funds for his personal use, this Court found that despite the mitigating circumstance presented by the respondents, the attorneys' admissions and other evidence of serious professional misconduct were sufficient to warrant the attorneys' immediate suspension pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii).

Accordingly, the respondent should be suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii), pending the conclusion of disciplinary proceedings and until further order of this Court.

SULLIVAN, J. P., ELLERIN, WALLACH, RUBIN and NARDELLI, JJ., concur.

Motion granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until the disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.