[— NYS2d —]

In the Matter of CHRISTOPHER J. GREEN (Admitted as CHRISTO-PHER JOHN GREEN-RUIZ), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 10, 1998

#### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Christopher J. Green,* respondent *pro se.*

#### OPINION OF THE COURT

Per Curiam.

Respondent, Christopher J. Green, admitted as Christopher John Green-Ruiz, was admitted to the practice of law in the

State of New York by the Second Judicial Department on March 27, 1991. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

By order dated January 25, 1996, respondent was suspended from the practice of law until further order of the Court pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii) (218 AD2d 294). Respondent now submits his resignation pursuant to 22 NYCRR 603.11 (a).

In his affidavit of resignation, received by this Court on December 22, 1997, respondent admits to acts of serious professional misconduct, including conversion of client funds. Respondent acknowledges that he cannot successfully defend himself on the merits against charges predicated upon this misconduct. While conceding that there are no mitigating circumstances sufficient to constitute a defense against the charges, he urges this Court "to consider my youth and inexperience as an attorney at the time the charges herein occurred, my claims to moneys owed by complainants for services rendered, my emotional problems at the time resulting from depression, alcoholism, and my disability for being legally blind, my mother's medical problems with cancer at the time the moneys were taken, my acknowledgment of responsibility, and my otherwise unblemished record." Respondent requests that his resignation be made effective as of the date of his suspension, January 25, 1996.

By motion dated December 22, 1997, the Departmental Disciplinary Committee moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation. Staff counsel states that she is satisfied that the affidavit conforms to the requirements set forth in 22 NYCRR 603.11.

A review of the affidavit of resignation submitted by respondent indicates that it fully complies with the requirements of section 603.11 of this Court's rules governing the conduct of attorneys. Respondent acknowledges that (1) he is the subject of a pending disciplinary proceeding involving allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily tendered; (3) he has not been subjected to coercion or duress; (4) he is fully aware of the implications of submitting his resignation; and (5) he cannot successfully defend himself on the merits against any formal charges which might be filed against him by the Disciplinary Committee.

Accordingly, respondent's resignation is accepted and his name stricken from the roll off attorneys nunc pro tunc to the date of his suspension, January 25, 1996.

SULLIVAN, J. P., ELLERIN, NARDELLI, WALLACH and RUBIN, JJ., concur.

Resignation accepted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to the date of his suspension, January 25, 1996.