[683 NYS2d 245]

In the Matter of JOHN T. HIGGINBOTHAM (Admitted as JOHN TAYLOR HIGGINBOTHAM), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 12, 1999

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*John T. Higginbotham,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on October 6, 1975. At all times relevant to this proceeding, respondent

maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii), immediately suspending respondent from the practice of law until further order of this Court based upon his substantial admissions under oath that he has committed acts of professional misconduct.

The Committee initiated an investigation based upon the complaint of Muhammad Kahn, dated March 12, 1998, alleging, *inter alia*, that respondent had converted $3,500, representing his client's contract deposit for the purchase of a cooperative apartment which respondent was to have deposited into his attorney escrow account. Respondent failed to appear at the closing and has never released the deposit.

There is no allegation that respondent has failed to cooperate with the Committee's investigation. Indeed, he appeared at the Committee offices for a deposition on September 4, 1998 and his testimony under oath is the basis for the instant motion.

At his deposition, respondent testified that he represented Efrain Ramos in his purchase of a coop apartment from Irfat and Shahed Chowdhury and also served as the escrow agent for the $3,500 purchase deposit; that he does not maintain an escrow account or any form of bank records for client monies although he is aware of such requirements; that the account at Republic Bank into which he deposited the $3,500 on January 27, 1998 is a personal savings account; that, between January 28 and January 29, 1998, he withdrew the entire $3,500 as cash; that he came to the closing on February 27, 1998 without the $3,500; that he stopped payment on the money order he had given to Mr. Ramos and retained the cash; and, that he had been advised that the closing took place on March 5, yet has failed to turn over any part of the $3,500 involved in the transaction. Respondent asserted that the $3,500 in cash was being stored in a jewelry box in a storage locker in Queens.

Section 603.4 (e) (1) of the Rules of this Court provides, in pertinent part, that "[a]n attorney who is the subject of investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest," including "(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct".

The Committee asserts that respondent's sworn admissions at the deposition establish that he knowingly failed to maintain his client's monies in a special account and intentionally converted client funds in violation of Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (22 NYCRR 1200.3, 1200.46). Such total abrogation of his fiduciary responsibility, it is urged, poses a threat to the public and he should be immediately suspended pending the disciplinary proceedings against him (*see*, *Matter of Sam*, 211 AD2d 166).

Respondent has submitted an affirmation, dated November 25, 1998, opposing the instant petition. Regarding the critical issue as to whether respondent has maintained the escrow funds in a proper special account, respondent's affirmation merely supports the Committee's petition. Respondent has photocopied 35 $100 bills, indicates that he is "holding the Escrow Deposit in cash" and argues that he should not be suspended "for not keeping this money in a bank account". Aside from the fact that it cannot be verified that the bills photocopied by respondent are actually in his possession, the very fact that respondent admits that there exists no escrow account for such funds establishes serious misconduct warranting his immediate suspension.

Respondent also discusses his personal problems and health issues and, sadly, submits a letter of recommendation from the United States Attorney's office which is 11 years old.

Based upon the foregoing, there is clear evidence of respondent's professional misconduct which immediately threatens the public interest as demonstrated by the fact that he has admitted under oath that he failed to maintain client funds in a special account and that he retains these funds without authorization.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (ii) should be granted and respondent should be suspended from the practice of law, effective immediately and until such time as the pending disciplinary proceeding against him has been concluded, and until further order of this Court.

WILLIAMS, J. P., TOM, MAZZARELLI, ANDRIAS and SAXE, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately and until such time as the pending disciplinary proceeding against him has been concluded, and until the further order of this Court.