[868 NYS2d 658]

In the Matter of JAMES J. ARMENAKIS (Admitted as JAMES JOHN ARMENAKIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 4, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Andral N. Bratton* of counsel), for petitioner.

*Michael A. Gentile* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent James J. Armenakis was admitted to the practice of law in the State of New York by the First Judicial Department on January 15, 1973. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) immediately suspending respondent from the practice of law until further order of this Court, based upon his substantial admissions under oath, and supporting documentation, that he has committed professional misconduct that immediately threatens the public interest.

Respondent, while represented by counsel, admitted during his deposition before the Committee that from October 2007 to January 2008 he converted to his own use $735,000 he was holding in escrow. He conceded that he knew the funds did not belong to him and that he did not have permission to use them for his own personal use. He further admitted to general mismanagement of his escrow account, failure to maintain proper escrow account records, repeated overdrafts on his escrow account, depositing personal funds into his escrow account, and failure to supervise a nonattorney in connection with the account.

Notwithstanding those admissions, respondent refused the Committee's repeated requests for bank records, necessitating the Committee's recourse to a subpoena. The records, once obtained, demonstrated, at a minimum, numerous overdrafts, checks written to "cash," and checks relating to respondent's personal matters. Furthermore, his conversion of funds continued during the time the Committee was requesting his bank records.

In light of respondent's admissions, and the substantial documentary evidence, of his mishandling and misappropriating client funds, we conclude that respondent is guilty of professional misconduct immediately threatening the public interest and should be immediately suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) (*see Matter of Blau*, 50 AD3d 240 [2008]; *Matter of Brown*, 23 AD3d 56 [2005]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective im-

mediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, and respondent's cross motion to deny the Committee's motion and for an order directing an evidentiary hearing to commence within 60 days should be denied.

LIPPMAN, P.J., BUCKLEY, MOSKOWITZ, RENWICK and DEGRASSE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Cross motion denied.