[960 NYS2d 368]

In the Matter of Scott M. Gibson (Admitted as Scott Macken-
zie Gibson), an Attorney, Respondent. Departmental Dis-
ciplinary Committee for the First Judicial Department,
Petitioner.

First Department, February 7, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Com-
mittee*, New York City (*Roberta Nan Kolar* of counsel), for
petitioner.

*Scott M. Gibson*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Scott M. Gibson was admitted to the practice of law in the State of New York by the Second Judicial Department on November 17, 1982, under the name Scott Mackenzie Gibson. At all times relevant to this proceeding, he has maintained a law office within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), immediately suspending respondent from the practice of law until further order of the Court, based on bank records and his admissions under oath, made during the deposition taken in the course of the Committee's investigation, in which he acknowledged acts constituting the misappropriation of funds from his IOLA account for his personal use.

The Committee began its investigation into respondent's conduct when it received notice from the Lawyers' Fund for Client Protection that a check drawn on respondent's IOLA account was returned for insufficient funds. In its initial investigation it obtained respondent's bank records, and, since respondent did not keep a ledger regarding this account, their forensic accountant created a ledger, about which respondent was then deposed. Respondent admitted to over 10 occasions on which he wrote checks on his escrow account, payable to himself, unrelated to client matters, and to failing to maintain a ledger reflecting the transactions on the account. In addition, the bank records reflect that he deposited his own funds into the escrow account.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may order the immediate suspension of an attorney from the practice of law on an interim basis, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest, based on "(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct[,] or (iii) other uncontested evidence of professional misconduct." Respondent's admissions that he took clients' funds for his own unauthorized use and failed to keep adequate bookkeeping records, along with the bank records showing that he commingled his own funds with client funds, establish violations of rule 1.15 (a) and (d) (1) (i) and (d) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0), and dem-

onstrate the type of threat to the public interest that warrants immediate interim suspension (*see Matter of Ignacio*, 63 AD3d 83 [1st Dept 2009]; *Matter of Armenakis*, 58 AD3d 222 [1st Dept 2008]).

Respondent protests that he does not present an immediate threat to the public interest, since each of his clients received all the funds due to them when they were due and there have been no client complaints, and since he fully cooperated with the Committee's investigation and ceased all such misconduct over two years ago. He also asserts in mitigation his volunteer work in cultural and community activities, and the hardship that suspension would cause him, his life partner, and those of his clients who cannot afford to hire new counsel.

However, notwithstanding the showing respondent makes in mitigation, the submitted evidence establishes that it is in the public interest to impose the immediate suspension sought by the Committee (*see Matter of Sam*, 211 AD2d 166 [1st Dept 1995]; *Matter of Ampel*, 196 AD2d 105 [1st Dept 1994]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), effective immediately, and until further order of this Court.

TOM, J.P., ANDRIAS, SAXE, DEGRASSE and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.