[989 NYS2d 37]

In the Matter of Howard B. Hornstein (Admitted as Howard Bruce Hornstein), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, July 17, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Sarah Diane McShea* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Howard B. Hornstein was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1963, under the name Howard Bruce Hornstein. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (ii), immediately suspending respondent from the practice of law, until further order of the Court, based upon admissions he made during his examination under oath by the Committee, at which he testified that he misappropriated legal fees intended for his law firm.

At his September 25, 2013 deposition before the Committee, respondent, who was represented by counsel, admitted that between 2010 and 2011 he diverted approximately 10 payments (via checks) totaling approximately $83,000 made by a client, which were intended as payments of legal fees to his law firm in

connection with a zoning matter respondent had been handling for the client. Rather than remit the funds to his firm, respondent used the funds for his own personal purposes, mostly for expenses related to his Parkinson's disease. Respondent also admitted that he failed to declare the $83,000 as taxable income because he considered it to be more in the "nature of a loan" which he intended to pay back.

Respondent's firm was unaware that the client had paid respondent directly, and in May 2012 the firm filed a motion asking to withdraw as attorney of record in another matter it was handling for the client in light of his total unpaid balance for legal fees and disbursements. The firm only learned of the client's payments to respondent in July 2012 after the client had commenced an action against respondent and the firm for, inter alia, legal malpractice, at which time the firm confronted respondent. Shortly thereafter, respondent left the firm and self-reported his diversion of legal fees to the Committee. In December 2012, respondent reimbursed the firm in full.

Respondent acknowledges the seriousness of his conduct, but urges this Court not to impose an interim suspension because he contends that he does not pose an immediate threat to the public interest. In support of this argument, he recounts that: (1) he made full repayment to his law firm; (2) he self-reported his conduct to the Committee; (3) he is 76 years old, suffers from Parkinson's disease, and has a limited practice with only two active clients; (4) he does not intend to take on new clients; and (5) he will continue to cooperate with the Committee and will appear for a hearing once formal charges are filed. In addition, respondent argues that this Court has declined to impose interim suspensions in similar, and even more serious, matters. Respondent further contends that the majority of interim suspensions imposed by this Court have been in instances in which attorneys failed to cooperate with Committee investigations, which is not the case here, or where the conduct was flagrant and ongoing. Respondent has also submitted two character references and a letter from his psychotherapist who opines that she believes "the circumstances that took place ([respondent's] Parkinson's combined with the economic stress) sorely affected [his] judgment," respondent is not "a threat to society," nor "would [he] do anything to harm the public or a client."

22 NYCRR 603.4 (e) (1) (ii) provides:

> "[a]n attorney who is the subject of an investigation
> . . . by the Departmental Disciplinary Committee of

professional misconduct . . . may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon: . . .

"(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct."

The record sufficiently establishes that respondent repeatedly misappropriated and/or converted law-firm funds and used the funds without permission for his own personal purposes. Further, this Court has issued interim suspensions under similar circumstances to those here (*see e.g. Matter of Getreu*, 113 AD3d 148 [1st Dept 2013] [interim suspension for, inter alia, misappropriation and/or conversion of client funds for own personal purposes based on, inter alia, substantial admissions under oath]; *Matter of Gibson*, 104 AD3d 228 [1st Dept 2013] [same]; *Matter of Armenakis*, 58 AD3d 222 [1st Dept 2008] [interim suspension based on admission during deposition to, inter alia, conversion of escrow funds]; *Matter of Wertis*, 307 AD2d 15 [1st Dept 2003] [interim suspension for, inter alia, misappropriation of trust funds based on, inter alia, substantial admissions under oath]).

Accordingly, the Committee's motion is granted and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

TOM, J.P., MAZZARELLI, SWEENY, MANZANET-DANIELS and CLARK, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.