[994 NYS2d 581]

In the Matter of HOWARD B. HORNSTEIN (Admitted as HOWARD BRUCE HORNSTEIN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 9, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Sarah Diane McShea*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Howard B. Hornstein was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1963, under the name Howard Bruce Hornstein. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

In a previous order, this Court suspended respondent until further order of this Court, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (ii), based on substantial admissions he made during an examination under oath by the Departmental Disciplinary Committee evincing misconduct immediately threatening the public interest. Specifically, respondent admitted that he, inter alia, diverted approximately $83,000 in legal fees intended for his law firm, which he used for his own personal purposes, mostly for expenses related to his Parkinson's disease (*see* 121 AD3d 1 [1st Dept 2014]).

The Committee now moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. Respondent states in his affidavit of resignation that (1) his resignation is submitted freely, voluntarily and without coercion or duress; (2) that he is fully aware of the implications of submitting his resignation; and (3) he is represented by counsel in this matter. He acknowledges that he is the subject of a pending disciplinary proceeding involving allegations that in 2010 and 2011 he took $83,000 in legal fees paid to him directly by a client, which were owed to his former law firm; he used said funds for his own personal purposes, primarily for expenses incurred in connection with his Parkinson's disease; and he did not report the funds on his tax returns. Additionally, respondent states that, in July 2012, after the client at issue had brought a civil action against his law firm, respondent disclosed his receipt of the fees to the firm, resigned from the firm, and self-reported his conduct to the Committee. In December 2012, respondent repaid his former firm in full.

Respondent acknowledges that if the Committee brought charges against him based on the allegations at issue, he could not successfully defend himself on the merits against all of the

charges. His affidavit of resignation therefore satisfies 22 NYCRR 603.11 (a) (1)-(3).

Accordingly, the Committee's motion should be granted and respondent's affidavit of resignation from the practice of law accepted, and his name stricken from the roll of attorneys effective nunc pro tunc to July 21, 2014.

TOM, J.P., MAZZARELLI, SWEENY, MANZANET-DANIELS and CLARK, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 21, 2014.