HARVEY A. DWIGHT et al., Appellants, *v.* BERTRAM H. FANCHER et al., as Executors of EMILY A. WATSON, Deceased, et al., Respondents.

**Will — evidence — where language of will, even in light of extrinsic circumstances, admits of but one construction, parol evidence inadmissible to show testatrix did not mean what she said.**

Evidence of extrinsic circumstances may sometimes assist in the construction of language which a testatrix has used to express her testamentary intention; but where the language of the will, even when read in the light of extrinsic circumstances, admits of but one construction, parol evidence is not admissible to show that the testatrix did not mean what she said in words, though these words may have been chosen by the attorney who drafted the will rather than by the testatrix.

*Dwight* v. *Fancher*, 217 App. Div. 377, affirmed.

(Argued March 2, 1927; decided March 29, 1927.)

[245 N. Y. 71]  Statement of case.  [Mar.,

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 12, 1926, unanimously affirming a judgment in favor of defendants entered upon a decision of the court at a Trial Term without a jury. The action was brought to obtain a construction of the tenth paragraph of the will of Emily A. Watson, deceased, which reads as follows:

" *Tenth.* All the rest, residue and remainder of my property, both real and personal, of whatever kind or nature and wherever situate, as well that which I may hereafter acquire as that which I now possess, I give, devise and bequeath to the United States Trust Company of New York, in trust, however, to divide the same into as many shares or portions as there may be children of my cousin, Harvey A. Dwight, and grandchildren of my cousin, George W. Pratt, surviving at the time of my death, and to invest and keep invested one such share or portion for the benefit of each child of my said cousin, Harvey A. Dwight, and each grandchild of my said cousin, George W. Pratt, then surviving and to pay over the income and profits therefrom to the child or grandchild for whose benefit such fund is so held, during his or her natural life, and upon his or her death to pay over and deliver the principal of the fund with all accumulated income to his or her issue, *per stirpes*, and in default of such issue, I direct that the same be divided equally between said surviving children and grandchildren, and the issue of any who may have died, *per stirpes*."

Harvey A. Dwight had five children, one of whom predeceased the testatrix leaving two children, who survived the testatrix. They contend that the words " children of my cousin, Harvey A. Dwight," were intended to include grandchildren and that they are, therefore, entitled to share in the residuary estate.

*Lewis E. Carr, J. Harris Loucks* and *William L. Visscher* for appellants. The conclusion that the language of the residuary paragraph of the will was so plain there was and could be no room for the admission of parol evidence to aid in its construction was erroneous. (*Mann* v. *Executors of Mann,* 1 Johns. Ch. 231; *Reynolds* v. *Robinson,* 82 N. Y. 103; *Goodwin* v. *Coddington,* 154 N. Y. 286; *Weeks* v. *Cornwell,* 104 N. Y. 337; *Brown* v. *Thorndyke,* 15 Pick. 388; *Carpenter* v. *Carpenter,* 14 N. Y. 284; *Stagg* v. *Atkinson,* 144 Mass. 564.)

*Howard Thayer Kingsbury* for Victoire L. Niel et al., respondents. The tenth paragraph of the will is free from ambiguity and there is no basis for any resort to extrinsic evidence. (*Brown* v. *Quintard,* 177 N. Y. 75; *Matter of Keleman,* 126 N. Y. 73; *Reynolds* v. *Reynolds,* 224 N. Y. 429; *Matter of Silsby,* 229 N. Y. 396; *Kellogg* v. *White,* 103 Misc. Rep. 167; *Matter of Lake,* 109 Misc. Rep. 287; *Matter of Gersch,* 103 Misc. Rep. 156; *Matter of Douglas,* 97 Misc. Rep. 208.)

*George L. Shearer* and *William A. W. Stewart* for United States Trust Company, as trustee, respondent. The extrinsic evidence excluded upon the trial was properly excluded. (*Brown* v. *Quintard,* 177 N. Y. 75; *Bigelow* v. *Percival,* 162 App. Div. 831.)

*J. Noble Hayes* for Pauline A. de la Metre et al., respondents. The tenth paragraph of the will and the entire will being free from ambiguity, there was no basis for the introduction of extrinsic evidence to construe it, and the evidence offered and received was both immaterial and incompetent, and entirely ineffectual for the purpose offered. (*Kellogg* v. *White,* 103 Misc. Rep. 167; *Reynolds* v. *Robinson,* 224 N. Y. 429; *Matter of Parsall,* 91 Misc. Rep. 218; *Williams* v. *Freeman,* 83 N. Y. 561; *Matter of Keleman,* 126 N. Y. 73; *Brown* v. *Quintard,* 177 N. Y. 75; *Williams* v. *Jones,* 166 N. Y. 522; *Matter of Silsby,*

229 N. Y. 396; *Swert* v. *Burnett,* 136 N. Y. 204; *Chemical Bank* v. *Britt,* 123 Misc. Rep. 576; *Matter of Douglas,* 97 Misc. Rep. 208; *Deyer* v. *Rusman,* 202 N. Y. 476; *Mann* v. *Mann,* 1 Johns. Ch. 231; *Wagner* v. *Wagner,* 96 N. Y. 476; *Matter of Lake,* 109 Misc. Rep. 287.)

*Charles F. McGovern* for Edgar T. Cantwell, guardian *ad litem,* respondent. The extrinsic evidence excluded by the trial court was properly excluded, the tenth paragraph of the will and the entire will being free from ambiguity. (*Reynolds* v. *Robinson,* 224 N. Y. 429; *Williams* v. *Freeman,* 83 N. Y. 561; *Matter of Keleman,* 126 N. Y. 73; *Brown* v. *Quintard,* 177 N. Y. 75; *Williams* v. *Jones,* 166 N. Y. 522; *Matter of Silsby,* 229 N. Y. 396; *Swert* v. *Burnett,* 136 N. Y. 204; *Deyer* v. *Rusman,* 202 N. Y. 476; *Wagner* v. *Wagner,* 96 N. Y. 476.)

*John A. Stephens* for Jeane V. Dwight et al., respondents.

*Per Curiam.* Evidence of extrinsic circumstances may sometimes assist the court in the construction of language which a testator has used to express his testamentary intention; but here the language of the will, even when read in the light of extrinsic circumstances, admits of but one construction. Parol evidence is not admissible to show that the testatrix did not mean what she has said in words, though these words may have been chosen by the attorney who drafted the will rather than by the testatrix. (*Reynolds* v. *Robinson,* 82 N. Y. 103.) We do not pass upon the question of whether the attorney was a competent witness in this action. (Civ. Prac. Act, secs. 353, 354.) The evidence would not be admissible though given by a witness who was competent.

The judgment should be affirmed, without costs.

Cardozo, Ch. J., Pound, Crane, Andrews, Lehman and O'Brien, JJ., concur; Kellogg, J., not sitting.

Judgment affirmed.