In the Matter of the Estate of HENRY EVANS, Deceased.

Surrogate's Court, New York County, February 28, 1929.

*Rumsey & Morgan,* for the petitioner.

*Perkins, Malone & Washburn,* for Mary R. Evans.

*Worcester, Williams & Saxe,* for Robert F. Lopez and Joseph Lopez.

*Nathan Burkan,* special guardian.

FOLEY, S. The question of construction raised by the answer of Robert F. Lopez and Joseph E. Lopez will be disposed of as follows:

The will in the 4th clause creates a trust of the residuary estate for the benefit of the widow and gives seven-sixteenths of the principal upon her death to her next of kin. I hold that the words employed in that clause, " next-of-kin of my wife, Mary R. Evans," defining the remaindermen, were intended by the testator to describe the persons who would take under the Statute of Distribution of our State at the time of the death of Mary R. Evans, the life tenant.

I hold further that there was no present vested gift of the remainder to the brothers of Mary R. Evans. The language used in the will with respect to the trust is plain and definite in meaning. The phrase " next of kin " has been repeatedly interpreted by the authorities in its legal sense to describe the persons entitled to take intestate property. (*Matter of White,* 213 App. Div. 82.) It is an elementary rule of construction that no one is an heir or next of kin to the living. (*Doctor* v. *Hughes,* 225 N. Y. 305; *Whittemore* v. *Equitable Trust Company,* 162 App. Div. 607; *Gage* v. *Irving Bank & Trust Co.,* 222 id. 92.) Mary R. Evans is still alive and while living she can have no next of kin.

The determination of the membership of the class of remaindermen must, therefore, await the death of the life tenant, and her next of kin under the statutes in force at the time will become entitled to the corpus of the fund.

The motion of the special guardian to strike out all the extrinsic evidence is granted. There is no latent ambiguity in the will. The intention of the testator is clear and his unequivocal direction written in the will cannot be modified or varied by the declarations of the testator in his lifetime. (*Dwight* v. *Fancher,* 245 N. Y. 71;

*Reynolds* v. *Reynolds,* 224 id. 429; *Brown* v. *Quintard,* 177 id. 75.) The language of the opinion in the *Dwight* case is pertinent to the present proceeding: " Parol evidence is not admissible to show that the testatrix did not mean what she has said in words, though these words may have been chosen by the attorney who drafted the will rather than by the testatrix."

My prior decision determining the nature of the gift to other remaindermen of the trust cannot affect the construction here, since different language was employed and distinguishable canons of construction were applied to the other remainders.

Submit decree on notice settling the account and construing the will accordingly.