In the Matter of MARK KRESSNER and MICHAEL B. SCHULMAN, Attorneys, Respondents. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 16, 1985

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*John Bonomi* for Mark Kressner, respondent.

*Ralph L. Pliskin* for Michael B. Schulman, respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Kressner was admitted to the Bar at a term of the Appellate Division of the Supreme Court, First Judicial Department, on January 26, 1976. Respondent Schulman was admitted to the Bar at a term of the Appellate Division of the Supreme Court, Second Judicial Department, on June 28, 1978. At all times relevant herein, they maintained an office for the practice of law in the First Department.

Respondents purchased accident and medical information, contained in the files of a charitable organization, from one of the organization's attorneys. The purpose behind this was to allow the respondents to solicit potential clients who had potential malpractice claims against the organization's hospitals and facilities. Respondents pleaded guilty to an unclassified misdemeanor, soliciting business on behalf of an attorney, a violation of Judiciary Law § 479. They were sentenced to a conditional

discharge and required to pay a $1,000 fine. In addition, they were required to do *pro bono* work.

The Departmental Disciplinary Committee found these two law partners (the firm has since dissolved) guilty of engaging in unethical conduct and recommends that they be censured. The respondents concur and ask that the hearing panel's findings and recommendations be confirmed.

The Committee took note of extensive *pro bono* work performed by the respondents and found that the respondents stopped their acts of misconduct on their own, without knowing that they were being investigated. While the Committee did not condone their conduct, it gave considerable weight to these mitigating factors and the relative youth of respondents.

Solicitation by attorneys is not favorably regarded. (*See, Ohralik v Ohio State Bar Assn.,* 436 US 447; Code of Professional Responsibility DR 2-103 [A], [B]; EC 2-3.) Moreover, here the respondents paid another attorney to act in breach of his duty to his employer.

We find the Committee's recommendation for censure to be inappropriate. Because of the mitigating circumstances, disbarment may not be the appropriate sanction, but suspension is.

Accordingly, the motion of the petitioner to confirm the panel's report is granted in part and denied in part, and the respondents are suspended from the practice of law for three years and until the further order of this court.

KUPFERMAN, J. P., ROSS, CARRO, BLOOM and KASSAL, JJ., concur.

Respondents are suspended from practice as attorneys and counselors-at-law in the State of New York for a period of three years, effective June 17, 1985, and until the further order of this court.