In the Matter of CHARLES M. POWELL, JR. (Admitted as CHARLES MICHAEL POWELL, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 25, 1993

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* of counsel *(Ellis, Funk & Eidman, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Charles M. Powell, Jr., was admitted to the practice of law in the First Judicial Department on October 6,

1975 under the name Charles Michael Powell, Jr. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

In 1990 and 1991, respondent was served with a notice and statement of charges and supplemental charges alleging seven charges of professional misconduct. The Hearing Panel of the Departmental Disciplinary Committee sustained Charges One, Four, Five and Six. Charges One and Four alleged violation of the then-applicable provisions of Code of Professional Responsibility DR 1-102 (A) (5) and (6) in that he failed to satisfy judgments against him in favor of former clients. Charge Five alleged violation of DR-6-101 (A) (3) and DR 7-101 (A) (3) by neglect of a legal matter entrusted to respondent, his failure to communicate with a client, and failure to cooperate with successor counsel. Charge Six alleged violation of DR 6-101 (A) (3) and DR 1-102 (A) (4) by neglecting a legal matter entrusted to him by a client and making false representations to the client regarding the status of the matter.

Counsel for the Departmental Disciplinary Committee recommended that the respondent should be suspended from the practice of law for six months. The Hearing Panel, while not detailing its analysis and conclusion, recommended that the respondent be publicly censured.

Although respondent, a solo practitioner, has performed substantial *pro bono* work and his conduct was not venal, he has received two prior admonitions for neglect. Under the circumstances, a sanction of three months' suspension would seem appropriate. *(See, Matter of Forman,* 117 AD2d 71; *Matter of Gruder,* 109 AD2d 242.)

Accordingly, the petition of the Departmental Disciplinary Committee should be granted in part, the Hearing Panel's report confirmed, but the sanction imposed is suspension from the practice of law for a period of three months and until further order of this Court.

SULLIVAN, J. P., CARRO, MILONAS, KUPFERMAN and ASCH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three months, effective April 26, 1992, and until the further order of this Court.