[680 NYS2d 505]

In the Matter of THEODORE O. PROUNIS, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 1, 1998

## APPEARANCES OF COUNSEL

*Thomas J. Cahill* for petitioner.

*Reboul, MacMurray, Hewitt, Maynard & Kristol (Howard G. Kristol* of counsel), and *Gentile & Benjamin,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Theodore O. Prounis, was admitted to the

practice of law in the State of New York by the First Judicial Department on March 30, 1964. At all times relevant, the respondent maintained an office for the practice of law within the First Judicial Department.

In a decision and order dated February 24, 1997, this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1), pending further disciplinary proceedings, based upon uncontroverted evidence and admissions that he mishandled estate funds (see, Matter of Prounis, 230 AD2d 55).

In that decision, we noted: "As a result of respondent's admissions under oath as well as the documentary evidence, the Committee has clearly demonstrated that respondent' commingled client funds in the Special Account and improperly used those funds for personal purposes. Respondent has not disputed his commingling and use of account funds for personal purposes, but has merely claimed authority to do so. Nevertheless, respondent has failed to come forward with any competent evidence regarding this claimed authority." (Supra, at 58.)

Petitioner, the Departmental Disciplinary Committee, now moves to confirm the Hearing Panel's report, after hearings, recommending that this Court disbar the respondent.

The egregious misconduct herein pertains to respondent's misuse of the estate funds of James B. Stuart, who had been his client and friend. The Panel sustained charges that respondent intentionally misappropriated client funds in violation of Code of Professional Responsibility DR 9-102 and DR 1-102 (A) (4) (22 NYCRR 1200.46, 1200.3); engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4); engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5); improperly commingled estate funds with funds of other clients in violation of DR 9-102 (A) and (B); improperly failed to deliver to the executors of the Stuart estate funds they were entitled to receive in violation of DR 9-102 (C) (4); failed to keep and produce complete records of the estate's and other clients' money, which respondent held as a fiduciary, in violation of DR 9-102 (D) (1)-(8); and engaged in conduct which reflects adversely on his fitness to practice law in violation of DR 1-102 (A) (8).

After taking possession of approximately $1.5 million belonging to the estate of James B. Stuart, respondent failed to segregate and protect the estate's money, failed to properly account to the executors for it, misappropriated it, and, failed to

deliver about $450,000 to the executors even after being ordered to do so by the Suffolk County Surrogate. The charges, which were sustained by the Panel, alleged further that during these events respondent engaged in a pattern of deceit toward the executors, toward their substitute counsel, Simpson Thatcher, and toward the Surrogate's and Supreme Courts, where the executors sought relief before going to the Disciplinary Committee. The Panel also sustained charges that respondent, among other things, commingled Stuart estate money with other clients' funds, used money deposited on behalf of one client to pay the expenses of others, and repeatedly withdrew money, of the Stuart estate and of other clients, for personal purposes.

While respondent claims innocence and cross-moves to disaffirm the report, the Hearing Panel noted that "no such claim can survive the abundantly proven instances of respondent's deceit; he knew exactly what he was doing, he knew it was wrong, he lied about it, he tried to cover it up, and when the game was up, he tried to string it out as long as he could."

The intentional conversion of client funds is grave misconduct that mandates disbarment in virtually all cases. "We have consistently held that the intentional conversion of client funds constitutes grave misconduct warranting the sanction of disbarment (*see, Matter of Glazer*, 218 AD2d 411; *Matter of Schmidt*, 145 AD2d 103)" (*Matter of Perrini*, 232 AD2d 138, 145; *see also, Matter of Mulrow*, 241 AD2d 7).

We agree with the findings and conclusion of the Hearing Panel that respondent's testimony that Mr. Stuart gave him authority to use estate funds without restriction is untrue. We agree with the Panel that the claimed arrangement is fundamentally at odds with Mr. Stuart's (and the trustees') stated intention, both orally and in the will and trust agreements, that they wish to protect the future of their children. In any event, as found by the Panel, respondent's testimony was inadmissible insofar as it contradicted the testator's intent as expressed in the will and the September 1986 trust agreements (*see, Matter of Searle*, 13 Misc 2d 912, 913, *affd* 8 AD2d 831). Moreover, the agreement respondent claimed to have made with his client constitutes a prohibited transaction with a client in violation of DR 5-104 (22 NYCRR 1200.23), which prohibits business transactions with a client if the attorney and client have differing interests therein. In addition, the Estates, Powers and Trusts Law, the SCPA, and the Lawyers' Code of Professional Responsibility clearly required respondent

to keep Stuart money segregated from other money he held in a fiduciary capacity, as well as separate personal or business funds, and to refrain from using that money for personal purposes. Thus, any permission the testator or executor may have given him to ignore those requirements is void as a matter of law (*see, Matter of Allister,* 144 Misc 2d 994, 997).

The respondent misappropriated more than $500,000 of estate funds and lied about it to his clients, to the courts, to the Hearing Panel and to other lawyers. As noted by the Hearing Panel, respondent's conduct "manifested total contempt for the basic responsibilities and the standards of proper behavior of a member of the bar."

Accordingly, the motion by the Departmental Disciplinary Committee for an order pursuant to 22 NYCRR 603.4 (d) confirming the findings of fact, conclusions of law and recommendations of the Hearing Panel should be granted, and the cross motion of the respondent for an order disaffirming the portion of the report which sustained the charges of professional misconduct against him should be denied. Respondent's name should be ordered stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

ROSENBERGER, J. P., NARDELLI, RUBIN, WILLIAMS and TOM, JJ., concur.

Petition granted and the findings of fact, conclusions of law and recommendations of the Hearing Panel confirmed, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, all effective immediately. Respondent's cross motion is denied.