[699 NYS2d 9]

In the Matter of CHARLES M. POWELL, JR. (Admitted as CHARLES MICHAEL POWELL, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 1999

### APPEARANCES OF COUNSEL

*Jacqueline M. Fitzgerald* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Charles M. Powell, Jr.,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Charles M. Powell, Jr. was admitted to the practice of law in the State of New York by the First Judicial

Department on October 6, 1975, and at all times relevant to this proceeding has maintained an office for the practice of law within this Department.

By order entered March 25, 1993, respondent was suspended from the practice of law for three months upon the finding that he neglected legal matters entrusted to him, failed to satisfy judgments against him in favor of former clients and failed to cooperate with successor counsel (189 AD2d 155). By order entered February 1, 1994 (201 AD2d 275), respondent was reinstated as an attorney in this State. The Departmental Disciplinary Committee (DDC) now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) immediately suspending respondent from the practice of law until further order of this Court due to his substantial admissions under oath and other uncontested evidence of professional misconduct. Three disciplinary matters were under investigation at the time of the motion, but there are five additional complaints, two filed subsequent to the motion, alleging respondent's neglect of cases and failure to return unearned fees.

In connection with the April 17, 1998 settlement of a client's litigation, the defendant company, on April 19, 1998, forwarded a $22,500 check payable to respondent as attorney for the client. DDC determined that the check was deposited, on August 20, 1998, by respondent in his business operating account rather than in his IOLA account, and that he drew on those funds, commencing the following day, to pay personal and business expenses, depleting the funds by December 16, 1998. At his July 22, 1999 deposition before DDC, respondent admitted that these funds should have been deposited in his IOLA account, but testified that he thought that the funds were still available, although he conceded his bookkeeping carelessness in this regard. Additionally, respondent's bank records indicated that, in respondent's IOLA account, he commingled business operating funds with third-party client funds, and used IOLA funds to pay personal and business operating expenses. In his deposition, he admitted his carelessness in not separating business operating funds from IOLA funds, admitted carelessness in not maintaining adequate IOLA records, and admitted cashing a check for a friend against his IOLA account. He claimed that a deposit of $35,000 in his IOLA account had been "parked" there at the request of a friend who also was a client, contended that respondent had permission to use these funds, but failed to corroborate this claim.

Another client, by complaint filed July 31, 1998, claimed that respondent failed to comply with a March 30, 1998 written

agreement to refund a $2,000 retainer to the client, in further-ance of which respondent had paid only a first installment of $500. Respondent, in answering, assured DDC that he would pay the complete refund, with interest, within 30 days of the answer. At his April 20, 1999 deposition, respondent admitted that he had failed to do so.

In connection with his representation of another client, re-spondent was paid $5,800 to conduct depositions. By complaint filed October 14, 1998, respondent was discharged and a refund of the fee was demanded. Although in his answer, respondent detailed work undertaken on the matter, nevertheless, he agreed to a full refund. At his May 10, 1999 DDC deposition, respondent admitted that the depositions were not conducted, and that he had failed to refund the $5,800 fee.

22 NYCRR 603.4 (e) (1) provides for the interim suspension of an attorney, upon appropriate notice, who is the subject of a disciplinary investigation, DDC charges or a disciplinary proceeding pending in court, upon a finding that the profes-sional misconduct immediately threatens the public interest. The interim suspension may be predicated either on a substan-tial admission made under oath that the attorney has commit-ted misconduct, or other uncontested evidence of professional misconduct. In this case, respondent's admissions, as well as other uncontested evidence, demonstrate that he commingled client funds with business operating funds (Code of Profes-sional Responsibility DR 9-102 [A] [22 NYCRR 1200.46]), disbursed client funds for personal and business purposes (DR 9-102 [B]), wrote checks from his IOLA account to cash (DR 9-102 [E]), failed to maintain appropriate records (DR 9-102 [D] ), and failed to return unearned fees (DR 2-110 [A] [3]; DR 9-102 [C] [22 NYCRR 1200.15]), which we find threatens the public interest and warrants a suspension (see, Matter of Baumqarten, 197 AD2d 309; Matter of Prounis, 230 AD2d 55; Matter of Crispino, 250 AD2d 24).

Accordingly, the motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before DDC have been concluded and until further order of this Court.

SULLIVAN, J. P., TOM, LERNER, BUCKLEY and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as

disciplinary matters pending before the Departmental Disciplinary Committee have been concluded and until the further order of this Court.