[709 NYS2d 562]

In the Matter of CHARLES M. POWELL, JR. (Admitted as CHARLES MICHAEL POWELL, JR.), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 22, 2000

APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Charles M. Powell, Jr.,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Charles M. Powell, Jr. was admitted to the practice of law in the State of New York by the First Judicial Department on October 6, 1975, as Charles Michael Powell, Jr., and at all times relevant to the proceeding herein he has maintained an office for the practice of law within the First Judicial Department.

In 1993, this Court suspended respondent for three months upon the finding that he had neglected legal matters entrusted to him, failed to satisfy judgments against him in favor of former clients and failed to cooperate with successor counsel (*Matter of Powell*, 189 AD2d 155). More°recently, by order and decision entered November 16, 1999 (*Matter of Powell*, 263 AD2d 121), this Court suspended respondent on an interim basis in connection with his substantial, sworn admissions and other uncontested evidence of professional misconduct, including the commingling of client funds, the disbursement of client funds for personal and business purposes, the payment of IOLA checks to cash, using his IOLA account to avoid taxes, and failing to maintain proper records and to return unearned fees. On or about February 9, 2000, the Departmental Disciplinary Committee served on respondent a notice and statement of charges alleging various acts of professional misconduct involving essentially the same misconduct that was the subject of the interim suspension, in addition to allegations that he had converted client funds. Since November 1999, the Committee has alerted respondent to an additional seven complaints filed against him, but he has submitted an answer to only one. A hearing before the Referee was adjourned, at respondent's request, until April 4, 2000, at which time respondent presented the Referee with an affidavit of resignation. In that affidavit, respondent acknowledges that he is the subject of a pending disciplinary proceeding involving numerous allegations of professional misconduct concerning at least four client matters, as well as conduct involving fraud, dishonesty, deceit or misrepresentation (Code of Professional Responsibility DR 1-102 [a] [4] [22 NYCRR 1200.3]) arising from his misrepresen-

tation to the Committee in a written answer to a disciplinary complaint, and by intentionally converting client funds in two different legal matters. Therein, he acknowledged that he could not successfully defend himself on the merits against the charges. He asserts that his resignation is freely and voluntarily tendered, that he has not been subject to coercion or duress, and that he is aware of the implications of doing so. He contends that he was not engaged in the practice of law since his suspension. These acknowledgments satisfy the requirements of 22 NYCRR 603.11 (a).

Accordingly, the Committee's motion should be granted, respondent's resignation accepted, and his name removed from the roll of attorneys, effective the date of his affidavit of resignation, April 4, 2000.

SULLIVAN, P. J., TOM, LERNER, BUCKLEY and FRIEDMAN, JJ., concur.

Motion granted, respondent's resignation accepted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.