[783 NYS2d 576]

In the Matter of ARMANDO A. CRESCENZI (Admitted as ARMANDO ANTHONY CRESCENZI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 4, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Armando Anthony Crescenzi was admitted to the practice of law in the State of New York by the First Judicial Department on November 20, 1995. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In February of 2003, the Departmental Disciplinary Committee received a complaint against respondent from a former client regarding respondent's failure to return client funds from respondent's escrow account. In April of 2003, the Bronx County District Attorney's office notified the Committee that respondent had been arrested in February of 2003 and charged with petit larceny, criminal possession of stolen property in the fifth degree, menacing and harassment in the second degree for stealing money from a restaurant owner. Respondent's criminal charges were adjourned in contemplation of dismissal in December of 2003 and respondent was referred for out-patient drug treatment.

In February of 2004, respondent appeared for a deposition pursuant to a judicial subpoena duces tecum issued by this Court. At the deposition and in subsequent sworn affidavits, respondent admitted to using the money in his IOLA account for his personal use, including to support his drug habit. Furthermore, uncontested bank records verify respondent's admissions and prove that respondent improperly wrote checks to cash and failed to maintain proper escrow balances. In addition, respondent represents that he is not practicing law and has no clients.

The Committee now moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) immediately suspending respondent from the practice of law until further order of this Court based upon substantial admissions made under oath that he has committed an act or acts of professional misconduct, and that there is uncontested evidence of his professional misconduct.

Section 603.4 (e) (1) of the Rules of this Court provides, in pertinent part, that "[a]n attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct . . . may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest" including "(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct; or (iii) other uncontested evidence of professional

misconduct.'' The Committee has demonstrated through uncontested documentary evidence and respondent's own substantial admissions under oath, that respondent has committed serious professional misconduct posing an immediate threat to the public interest, and that an interim suspension is therefore warranted pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) (*see Matter of Powell*, 263 AD2d 121 [1st Dept 1999]).

Accordingly, respondent should be suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.

MAZZARELLI, J.P., SULLIVAN, FRIEDMAN, GONZALEZ and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.