[893 NYS2d 21]

In the Matter of JERROLD A. WEINSTEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 7, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Roberta Nan Kolar* of counsel), for petitioner.

*Jerrold A. Weinstein*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jerrold A. Weinstein was admitted to the practice of law in the State of New York by the Second Judicial Department on January 18, 1989. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), immediately suspending respondent from the practice of law until further order of this Court, due to his substantial admissions under oath, as well as supporting documentation, that he has committed professional misconduct that immediately threatens the public interest.

In June 2008, the Committee received a complaint against respondent from a former client. She alleged that she never received her portion of a $15,000 insurance settlement awarded for injuries she suffered in a car accident. The client provided the Committee a copy of the release and power of attorney that respondent allegedly faxed to her in April 2006, which she executed and returned to respondent as requested. Respondent, pro se, appeared before the Committee for a deposition, but did not bring his bank records because, he alleged, they had been stolen by his landlady when he was evicted from his apartment. Several days later, respondent submitted an answer to the client's complaint. He alluded to a number of serious personal problems, which have led him to withdraw from practicing law, other than performing some per diem work for a law firm. However, he stated that he had written a check to the client for her share of the settlement proceeds. He also stated that prior to the loss of his records, and, in particular, her file, he had the check stub for her payment. He added that if the client was not paid "due to an oversight," he would make every effort to rectify the situation.

The Committee subpoenaed the relevant bank statements, checks, withdrawal and deposit slips for the period May 2005 through November 2008. These revealed a deposit of a $15,000 check into his IOLA account made out to him as attorney for the complaining client. Respondent testified that $10,000 of that check belonged to the client, and that he recalled writing her a check in that amount. The bank records do not show a

$10,000 check, but they do reveal that respondent paid himself the full $5,000 fee for the matter. Additionally, respondent made a large number of cash withdrawals from the account, which he could not account for. By August 23, 2006 the balance in the escrow account was $3.07 and the bank records still showed no check written to the client for $10,000. The records also revealed that respondent paid rent and utility bills out of the IOLA account, and that he impermissibly commingled personal funds with client funds.

Thus, based upon respondent's admissions made during his deposition, as well as the substantial documentary evidence of his mishandling and misappropriation of client funds, we conclude that respondent is guilty of professional misconduct warranting immediate suspension from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) (*see Matter of Armenakis*, 58 AD3d 222 [2008]; *Matter of Blau*, 50 AD3d 240 [2008]; *Matter of Powell*, 263 AD2d 121 [1999]; *Matter of Prounis*, 230 AD2d 55 [1997]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.

GONZALEZ, P.J., TOM, MAZZARELLI, ANDRIAS and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.