[894 NYS2d 403]

In the Matter of MARK E. KRESSNER (Admitted as MARK KRESS-NER), an Attorney, Respondent. DEPARTMENTAL DISCIPLIN-ARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 4, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Mark E. Kressner,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Mark E. Kressner was admitted to the practice of law in the State of New York by the First Judicial Department on January 26, 1976. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

Respondent's prior disciplinary history consists of a three-year suspension from the practice of law imposed by order of this Court entered May 16, 1985, for a violation of Judiciary Law § 479 (*see Matter of Kressner,* 108 AD2d 334 [1985]). By an order dated September 23, 1993 (196 AD2d 762 [1993]), this Court reinstated respondent.

The Departmental Disciplinary Committee (DDC) now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) immediately suspending respondent from the practice of law until further order of this Court, based upon respondent's admission under oath that he has committed acts of professional misconduct posing an immediate threat to the public interest.

In February 2008, an attorney who had worked in respondent's office filed a complaint with the Committee alleging that respondent was improperly using his IOLA account. As part of the Committee's subsequent investigation, respondent, acting pro se, was deposed on June 19, 2009. Respondent testified that he got involved in a failed real estate venture and tax shelters which resulted in him having to declare personal bankruptcy in 1991. In addition, he owes a total of more than $500,000 in taxes to the New York State Tax Commission and the Commissioner of Labor and $1 million to $2 million in taxes to the Internal Revenue Service (IRS). From 1990 through 2006, the IRS obtained $1,082,842 in liens against respondent, and from 1990 through 2008, the New York State Tax Commission and Commissioner of Labor obtained $246,193 in liens and judgments against respondent.

Respondent also testified about his use of his IOLA account. Respondent stated that shortly after he deposited a $50,000

legal fee into his business operating account in December 2007, the New York State tax authorities seized those funds plus the remaining balance in the account. From that point forward, respondent stopped using his operating account and personal bank accounts and only utilized his IOLA account for business and personal purposes. Respondent admitted that he knew that the IRS and New York State tax authorities could not seize the money deposited in his IOLA account. Respondent further admitted that there were client funds in his IOLA account when he deposited personal funds into it, but stated he has not used any client funds.

Respondent also testified that he used lending companies, such as Ardec Funding, to advance funds to himself to be used for both personal and business operating purposes in anticipation of cases being settled. Respondent explained that he would deposit Ardec funds into his IOLA account to shield this money from the IRS and New York State tax authorities. Respondent admitted that he did not maintain a ledger for his escrow account identifying client matters, monies deposited and disbursements as required under the rules.

22 NYCRR 603.4 (e) (1) provides for the interim suspension of an attorney who is the subject of an investigation, DDC charges, or a disciplinary proceeding pending in court, upon a finding that the professional misconduct immediately threatens the public interest. The interim suspension may be predicated on a substantial admission made under oath that the attorney has committed misconduct (22 NYCRR 603.4 [e] [1] [ii]).

The Committee asserts that respondent's admissions demonstrate that he commingled client funds with his own personal funds and that he was using his IOLA account in an effort to avoid liens by the federal and state tax authorities (see Matter of Satta, 211 AD2d 65 [1995] [interim suspension where attorney admitted, among other things, commingling of funds and use of escrow money to pay personal debts]). In addition, the Committee points out that respondent admitted under oath that he has not maintained adequate bookkeeping records as required under the rules (see Matter of Powell, 263 AD2d 121 [1999] [interim suspension where attorney admitted, inter alia, using escrow funds to pay personal and business expenses, carelessness in not separating business operating funds from client escrow funds, and not maintaining adequate escrow records]).

Respondent submitted an affirmation in opposition, dated November 7, 2009, in which he contends that the acts of

misconduct alleged in the petition do not immediately threaten the public interest and, therefore, do not require his immediate suspension. Rather, respondent maintains that his immediate suspension would cause irreparable harm to many of his clients, and notes that there has never been an allegation that he misappropriated any client funds. Respondent admits that he maintains personal funds in his IOLA account, but states that he does so to keep his staff employed, to fund his clients' litigations, and to support his family. Respondent further admits that he still utilizes lending companies for advances on his legal fees and that he generally relies on their accounting records regarding when it is time to repay any funds advanced as the cases come to fruition. Respondent claims that he had a net loss for the year 2008 and that "it becomes clear that the funds that have been 'commingled' with my escrow account are completely representative of the amount of funds advanced by the funding companies and is not an attempt to evade taxes to be paid on current income."

Finally, respondent states that he recently recovered from a stroke and is continuing to try cases on a contingency basis. However, he states that it is his intention to retire or resign from the practice of law by the end of 2009. The DDC points out that respondent cannot retire while there is an active disciplinary investigation pending and, unless and until he files an affidavit of resignation acknowledging that he could not successfully defend himself if charges were filed against him (22 NYCRR 603.11), the Committee will proceed with the instant motion to suspend and continue its investigation.

Although respondent asserts that he plans on retiring or resigning from the practice of law, this Court has no assurance that he will fulfill that promise. To date we have not received respondent's affidavit of resignation, and therefore, the Committee's motion to suspend should proceed.

We conclude that respondent's commingling of funds in his IOLA account in order to hide his income from tax authorities, his failure to maintain adequate bookkeeping records, and his financing arrangements with lending corporations to keep his apparently insolvent law practice afloat creates a troubling situation which puts his clients' funds at risk and thus immediately threatens the public interest warranting an interim suspension. Moreover, a closer review of respondent's bank records raises additional questions. The bank records show that from December 2007 to February 2009, respondent never wrote a check to

any tax authorities notwithstanding repayment agreements he allegedly has with them. While respondent avers that he had a net loss for 2008, during the aforementioned 15-month time period (December 2007 to February 2009), it appears that he took in approximately $450,000 in legal fees, apparently tax free.

Accordingly, the Committee's motion should be granted and respondent should be found guilty of professional misconduct immediately threatening the public interest and be suspended from the practice of law effective immediately, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court (22 NYCRR 603.4 [e] [1] [ii]).

GONZALEZ, J.P., TOM, ANDRIAS, NARDELLI and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.