OPINION OF THE COURT
Per Curiam.
Respondent Mark E. Kressner was admitted to the practice of law in the State of New York by the First Judicial Department on January 26, 1976. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
On May 16, 1985, this Court suspended respondent from the practice of law for three years for a violation of Judiciary Law § 479 (see Matter of Kressner, 108 AD2d 334 [1985], appeal dismissed 65 NY2d 999 [1985]). By an order dated September 23, 1993 (Matter of Kressner, 196 AD2d 762 [1993]), this Court reinstated respondent. By an order entered February 4, 2010, we suspended respondent on an interim basis due to professional misconduct that immediately threatened the public interest (see Matter of Kressner, 72 AD3d 112 [2010]).
Pursuant to 22 NYCRR 603.11, an attorney who is the subject of a disciplinary proceeding may submit an affidavit of resignation to the Departmental Disciplinary Committee. On May 12, 2010, respondent submitted such an affidavit. As such, the Committee now moves for an order accepting respondent’s affidavit of resignation and striking his name from the roll of attorneys.
Respondent’s affidavit complies with 22 NYCRR 603.11. Respondent states that his resignation is submitted freely, voluntarily and without coercion or duress and that he is fully aware of the implications of submitting his resignation. Respondent acknowledges that he is unable to defend himself against the charges of professional misconduct stated within the Committee’s motion and this Court’s previous order. Respondent repeats the admissions he provided in his sworn testimony to the Committee, namely that he has not maintained a proper accounting ledger for his escrow account and that he placed personal funds into his IOLA account instead of his operating account to avoid its seizure by federal and state tax authorities.
Respondent further acknowledges that he is currently the subject of several inquiries by the Disciplinary Committee that stem from both sua sponte investigations and from specific complaints. Some of those complaints relate to dishonored checks issued from his escrow account and others were filed by attorneys who allege that respondent has not satisfied outstanding judgments filed against him. In addition, there are at least *359 three other pending complaints which respondent admits he has not yet answered. The Committee states in its motion that this statement by respondent is an admission of his failure to cooperate with the Committee’s investigation of these subsequently filed complaints.
Accordingly, the Committee’s motion should be granted to the extent that respondent’s resignation be accepted and his name be stricken from the roll of attorneys, effective nunc pro tunc to May 12, 2010.
Gonzalez, EJ., Tom, Andrias, Nardelli and Richter, JJ., concur.
Respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 12, 2010.