[926 NYS2d 432]

In the Matter of JERROLD A. WEINSTEIN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Roberta N. Kolar* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jerrold A. Weinstein was admitted to the practice of law in New York by the Second Judicial Department on January 18, 1989. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. According to Office of Court Administration records, respondent is delinquent in his attorney registration for two biennial periods—2007-2008 and 2009-2010.

By order entered January 7, 2010, this Court immediately suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), on the basis of his substantial admissions under oath that he committed professional misconduct, as well as substantial documentary evidence of his mishandling and misappropriation of client funds (*see Matter of Weinstein*, 70 AD3d 256 [2010]).

The Committee now seeks an order disbarring respondent from the practice of law pursuant to 22 NYCRR 603.4 (g), without further proceedings, on the ground that he has been suspended under 22 NYCRR 603.4 (e) (1) (ii) and (iii), and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the order of suspension. Notably, the Committee mailed the order of suspension, as well as this motion, to the same two addresses as the interim suspension motion, which respondent opposed, pro se.* Those addresses were the law firm for which respondent performed per diem legal work and the home of a friend where he was temporarily residing, as he did not have a permanent residence. On January 9, 2010, the Committee received a signed return receipt from the certified letter sent to the law firm, however, respondent has not appeared or responded.

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22

* The June 2009 interim suspension motion warned that "pursuant to 22 NYCRR § 603.4 (g), an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

NYCRR 603.4 (g) should be granted (*Matter of Fletcher*, 70 AD3d 63 [2009]; *Matter of Kennedy*, 55 AD3d 169 [2008]; *Matter of Benzing*, 51 AD3d 236 [2008]; *Matter of Ryans*, 46 AD3d 71 [2007]), and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.

GONZALEZ, P.J., TOM, MAZZARELLI, ANDRIAS and SAXE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.